## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel ) <br> DANIEL BAHLER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTHONY RAMOS, Warden, Stateville ) <br> Correctional Center, ) <br> ) <br> Respondent. ) | Case No. 09-cv-1194 |

## <u>O P I N I O N  &  O R D E R</u>

This matter is before the Court on Respondent's Motion to Dismiss Untimely Petition for a Writ of Habeas Corpus. (Doc. 7). Petitioner, who is represented by an attorney, has filed a Response to this Motion to Dismiss. (Doc. 8). For the reasons stated below, Respondent's Motion to Dismiss is granted.

On May 29, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. 1). After a bench trial, Petitioner was convicted on October 20, 2003 in the Circuit Court for the Eleventh Judicial Circuit in McLean County, Illinois of attempt murder and home invasion, and was sentenced to a term of incarceration on February 2, 2004.

In his Petition, he alleges that he was denied effective assistance of counsel during his trial and direct appeal. He alleges that his trial counsel was ineffective because of his failure "to consider, investigate or present evidence of the petitioner's mental state and ingestion of psychotropic drugs at or near the time of the event

and at the time of trial," though he was aware of these circumstances. (Doc. 1 at 7). Further, Petitioner alleges that his trial counsel failed to "convey to the petitioner, prior to trial, an offer by the state to negotiate a plea." (Doc. 1 at 10).

Petitioner also alleges that his appellate counsel was ineffective, because he raised only one issue on appeal, an evidentiary question relating to the admission of an allegedly unauthenticated videotape; Petitioner contends that his appellate counsel should have raised the issues of his mental state, the ineffectiveness of his trial counsel, and the excessive sentence imposed. (Doc. 1 at 12).

Petitioner asserts that the Illinois state court that heard his post-conviction petition erred in dismissing the issue of Petitioner's mental state because of the "trial court's personal experience with the doctor who performed the evaluation of the petitioner and the doctor's prior relationship with trial counsel. This finding was not only not based on the instant record, but, it further violated state post-conviction procedure as it was a credibility finding at a second stage proceeding." (Doc. 1 at 9). In addition, he argues that the post-conviction court "impermissibly allowed the state to amend its motion to dismiss," and "never resolved the issue of whether trial counsel relayed [the state's plea] offer to the petitioner." (Doc. 1 at 10-11). Finally, he finds error in the post-conviction court's dismissal of his "claim on grounds that were not raised or argued by either party." (Doc. 1 at 11). He also claims that the appellate court reviewing his post-conviction proceeding erred in failing to address these issues.

On July 10, 2009, this Court conducted the preliminary review of the Petition called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and found that the Petition could possibly have merit. (Doc. 2). It therefore ordered that the Petition be served on Respondent.

## DISCUSSION

On August 7, 2009, Respondent filed the instant Motion to Dismiss the Petition as untimely under § 2244(d)(1). (Doc. 7). Under § 2244(d)(1), a one-year statute of limitations applies to the filing of a habeas corpus petition by a person in custody pursuant to the judgment of a State court. This limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" against the one-year limitations period. 28 U.S.C. § 2244(d)(2).

---

[1] There are three other possible start dates for this limitations period:

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2244(d)(1)(B)-(D). However, as noted by Respondent and uncontested by Petitioner, Petitioner does not assert that any of these are applicable, and none of them appear to be.

After his conviction, Petitioner appealed to the Illinois Appellate Court, which affirmed the judgment of conviction on November 2, 2005.[2] Petitioner did not follow this with a petition for leave to appeal ("PLA") to the Illinois Supreme Court. Therefore, his conviction became "final" for the purposes of § 2244(d)(1)(A) on November 23, 2005. ILL. S. CT. R. 315(b) (2005) (PLA must be filed within 21 days of appellate court's judgment).[3]

One hundred fifty-nine days elapsed between November 23, 2005 and May 1, 2006, during which there were no pending applications for post-conviction or collateral review. On May 1, 2006, Petitioner filed a petition for post-conviction relief, which was denied. This petition tolled the statute of limitations until May 29, 2008, when the Illinois Supreme Court denied Petitioner's PLA. Because 159 days had already elapsed at that point, Petitioner's time to file a petition under § 2254 expired 206 days later, on December 22, 2008.[4] However, as noted above,

---

[2] In its Motion to Dismiss, Respondent lays out the timeline of Petitioner's case, and concludes that his instant Petition was 159 days too late. As Petitioner does not contest Respondent's recitation of these events, nor his calculation of the fact that the Petition was 159 days late, the Court takes the facts and calculation as alleged by Respondent as true.

[3] This 21-day deadline was changed to 35 days pursuant to a February 2006 amendment, effective July 1, 2006. In 2005, the 21-day deadline was applicable.

[4] In his Motion to Dismiss, Respondent appears to have made a typographical error, as he gave the date for the expiration of the one-year period as December 22, *2009*. (Doc. 7 at 4). It is obvious, though, that counting the remaining 206 days from May 29, 2008, the proper date is December 22, *2008*.

As pointed out by Respondent, the 90 day period for filing a petition for writ of certiorari is not included in this tolling under *Lawrence v. Florida.* 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2)

4

Petitioner did not file the instant Petition until May 29, 2009, one year after the Illinois Supreme Court denied his PLA. Therefore, the instant Petition was 159 days late and is untimely.

Petitioner argues that the Motion to Dismiss should be denied in spite of the fact that he was 159 days late in filing his instant Petition because the Court should apply equitable tolling in this case. In support of his claim that equitable tolling should apply, Petitioner states that the "159 days were lost when [his] appointed attorney on direct review, the Office of the State Appellate Defender, refused, despite the petitioner's repeated requests, to file a petition for rehearing and/or a petition for leave to appeal to the Illinois Supreme Court." (Doc. 8 at 2). He states that his counsel's refusal to file these petitions "was an impediment over which [he] had no control." (Doc. 8 at 2).

The Seventh Circuit has not yet "ruled whether or not equitable tolling should be available at all in a § 2254 context." *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). In *Brooks v. Walls*, the Seventh Circuit noted that "because the AEDPA has its own list of tolling circumstances, only 'some impediment of a variety not covered in § 2244(d)(1) [that] prevents the filing of a federal collateral attack' (235 F.3d at 360) could suffice" to allow equitable tolling. 279 F.3d 518, 525 (7th Cir. 2002) (*quoting Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

circumstance stood in his way." *Williams*, 538 F.3d at 685 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Modrowski v. Mote*, the Seventh Circuit listed a number of circumstances that did not justify equitable tolling, even assuming that it is applicable in § 2254 cases, including the negligence or non-responsiveness of the petitioner's attorney. 322 F.3d 965, 967-68 (7th Cir. 2003) (*citing Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.* at 968 (*quoting Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001)). Indeed, "attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client" by the Seventh Circuit. *Id.* (*citing United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 634 (7th Cir. 1994). *Doherty v. Teamsters Pension Trust Fund*, 16 F.3d 1386, 1394 (3d Cir. 1994)). Therefore, Petitioner's attorney's failure to file the proper petitions in the appellate court or the Illinois Supreme Court is not "extraordinary" as required by equitable tolling.

Further, Petitioner has not shown why he delayed the 206 days between May 29, 2008, when the Illinois Supreme Court denied his post-conviction PLA, and December 22, 2008, before filing the instant petition. This 206-day delay shows that Petitioner's attorney's failure to act in 2005 did not cause his instant Petition to be untimely, as more than the 159 days attributable to his failure to act were

required to run the one-year limitations period under § 2244(d)(1)(A) -- that attorney did not make it impossible for Petitioner to file his instant Petition during the 206 days remaining. In addition, the 206-day delay shows that Petitioner did not diligently pursue his rights by filing his Petition within that window of timeliness between May 29, 2008 and December 22, 2008. He alleges no circumstances that prevented his filing during that window; indeed, he does not address what transpired during that time.

## CONCLUSION

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (Doc. 7) is GRANTED. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITH PREJUDICE.

CASE TERMINATED.

Entered this <u>24th</u> day of February, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge