**E-FILED**
Monday, 19 April, 2010 11:58:02 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel )<br>DANIEL BAHLER,                  )<br>                                  )<br>   Petitioner,                   )<br>                                  )<br>         v.                   )<br>                                  )<br>ANTHONY RAMOS, Warden, Stateville )<br>Correctional Center,              )<br>                                  )<br>   Respondent.                   ) | Case No.   09-cv-1194 |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Notice of Appeal of this Court's March 15, 2010 Opinion & Order denying his Motion for Reconsideration. (Doc. 13). The Court construes the Notice of Appeal as a request for a Certificate of Appealability. *See* FED. R. APP. PROC. 22(b)(1). For the reasons stated below, the request for a Certificate of Appealability is denied.

On February 24, 2010, this Court dismissed Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, finding that it was untimely. (Doc. 9). The Court rejected Plaintiff's claim that negligence or willful misconduct by a prior attorney should equitably toll the limitations period of § 2244(d)(1), citing to clear Seventh Circuit precedent that attorney misconduct does not justify equitable tolling. (Doc. 9 at 5-6). On March 15, 2010, the Court also denied Petitioner's Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). (Doc. 12). In that Motion, Petitioner argued that the attorney who had

represented him during the instant § 2254 proceedings was negligent or engaged in willful misconduct, which resulted in the untimely filing of Petitioner's § 2254 Petition; he asked that equitable tolling apply to permit his Petition. (Doc. 11). The Court, citing to the same substantial Seventh Circuit precedent, again explained that attorney misconduct or negligence is not grounds for equitable tolling; the fact that a different attorney's conduct was implicated in the Rule 59(e) Motion did not change this. (Doc. 12 at 4-5).

Under 28 U.S.C. § 2254(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a Certificate of Appealability. Here, Petitioner has filed his Notice of Appeal, which the Court construes as a request for a Certificate of Appealability, from the Court's order denying his Motion under Federal Rule of Civil Procedure 59(e), which also appears to require a Certificate. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007) (appeal of Rule 60(b) motions in habeas cases require Certificate); *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 53-54 (2d Cir. 2006) (Certificate required for appeal from Rule 59(e) motion where underlying judgment is of habeas petition). A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something

more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate.  FED. R. APP. PROC. 22(b)(1)(3).

In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no argument that the Court's March 15, 2010 decision denying the Rule 59(e) motion was debatable or incorrect.  Moreover, the Court has reviewed its both its Opinion & Order dismissing the Petition as untimely and that denying the Rule 59(e) motion, and finds no basis for a determination that the decisions were debatable or incorrect.

IT IS THEREFORE ORDERED that Petitioner's Notice of Appeal, construed as a request for a Certificate of Appealability (Doc. 13), is DENIED.

Entered this <u>15th</u> day of April, 2010.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States District Judge