# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| DANIEL BAHLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1194 |
| | ) | |
| ANTHONY RAMOS, *Warden Stateville* | ) | |
| *Correctional Center IL, Department of* | ) | |
| *Corrections*, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner's Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b), filed on March 16, 2011 (Doc. 26). Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 29, 2009.  (Doc. 1).  On February 24, 2010, this Court granted Respondent's Motion to Dismiss, dismissed Petitioner's Petition with prejudice due to the fact that it was not timely filed (Doc. 9), and entered final Judgment against Petitioner (Doc. 10).  Petitioner filed a Motion for Reconsideration on March 11, 2010 (Doc. 11), which the Court denied on March 15, 2010 (Doc. 12).  Petitioner timely filed a Notice of Appeal (Doc. 13), however on October 1, 2010 the United States Court of Appeals for the Seventh Circuit declined to issue a Certificate of Appealability. (Doc. 25).

Federal Rule 60(b) provides that the Court may relieve a party from final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party . . . or; (6) any other reason that justifies relief." Rule 60(c) provides that such a motion under 60(b) "must be filed within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order on the date of the proceeding." Petitioner does not specify under which ground he seeks relief from this Court, however he states that he should now be allowed to argue that his Petition was not untimely because 1) his appellate counsel was ineffective for failing to timely raise a Petition for Leave to Appeal to the Illinois Supreme Court, and/or 2) he suffered from obsessive compulsive disorder, chronic ongoing depression, adult attention deficit disorder, and was on psychotropic drugs, and therefore did not fully understand the one year time limit. (Doc. 26 at 3-4).

The Court finds that neither of these arguments satisfy grounds (1), (2), or (3) of Rule 60(b). With regards to Petitioner's first argument, the Court already considered it when it denied Petitioner equitable tolling for his attorney's failure to file a PLA with the Illinois Supreme Court (Doc. 9 at 5-6). With regards to the second, Petitioner was certainly aware of his own mental condition and use of medication both during the pendency of his original Petition, and within the time after it in which he could have moved for a new trial, and thus this is not new evidence which could justify relief under 60(b)(2).

Moreover, even if either of these arguments would justify relief under Rule 60(b), those arguments would be time-barred by Rule 60(c). Final Judgment was entered against Petitioner on February 15, 2010. (Doc. 10). Even if the Court construes Petitioner' current motion as being a motion for relief from its order denying his original motion for reconsideration, that motion was denied on March 15, 2010 (Doc. 12). Although that is only one year *and one day* prior to the date Petitioner mailed his instant motion, the "time limit is jurisdictional and cannot be extended." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006).

Nor does the catch-all provision of Rule 60(b)(6) apply to Petitioner. The Supreme Court has held that Rule 60(b)(6) only applies when a movant can show "extraordinary circumstances" that justify reopening a final judgment; circumstances which "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). For the reasons stated above, the Court finds that neither of Petitioner's proffered reasons for re-opening his case qualify as "extraordinary circumstances".

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 26) is DENIED. IT IS SO ORDERED.


CASE TERMINATED.

Entered this <u>23rd</u> day of March, 2011.

s/ Joe B. McDade

JOE BILLY McDADE

United States Senior District Judge